DAWKINS, J.
 

 Plaintiff and his associates were the owners of 1,422 acres of timber in the parish of Richland, and employed defendant to cut and deliver same upon their tramroad at the price of $10 per thousand feet. This arrangement was made about April 1, 1920, and defendant entered upon the work and had cut something in excess of 800,000 feet, when, on August 24th of the same year, plaintiff instructed him to cease cutting. Having failed to do so, this suit was filed and an injunction issued to restrain further cutting; plaintiff alleging that defendant was employed for such time only as might be desired to continue.
 

 Defendant responded by averring that he had been engaged to cut all the timber upon said lands, amounting to some several million feet; that plaintiff had breached the contract; that respondent was entitled to recover $51,000 as contemplated profits upbn the uncut timber, $1,400 as the value of timber already cut, but not paid for, and $10,000 additional as damages for the alleged false arrest and imprisonment of the defendant. Respondent also provisionally seized all of the timber which had been cut, claiming a privilege thereon for the balance due.
 

 After a trial upon the merits, the court below perpetuated the injunction, dissolved the provisional seizure, and rejected defendant’s reconventional demand, all at the latter’s cost.
 

 Defendant appealed.
 

 Opinion.
 

 The.case has been submitted on brief and without oral argument. It turns mainly upon questions of fact, as will be seen from the following excerpt from appellant’s brief, to wit:
 

 “The first issue presented to the court for determination is as to the existence of a contract between Cloud and Warner for the logging of all the timber owned by Cloud and Ms partners on the 1,400-acre tract.
 

 “The contract was an oral one. The testimony of the parties differs both as to the subject-matter and as to the interpretation thereof. Neither one could state exactly what was said at the time the contract was made, nor was that necessary, but each gave his testimony as the substance of the terms of the contract. One is contradictory of the other. The court must decide which one of these parties testified truthfully and which one did not. And, while the interpretation of the contract, having ascertained the facts, devolves upon the court, it must look to the understanding of the parties, their subsequent actions and admissions, and such other circumstances as will enable it to ascertain the true intent of the parties.”
 

 The -lower court evidently reached the conclusion that the agreement was, as contended by plaintiff; i. e., that defendant was
 
 *17
 
 to cut only .so much timber and during such period of time as plaintiff might require, and that there was no definite contract for cutting the whole tract.
 

 It would serve no good purpose in 'the present case, nor add anything to our jurisprudence, to review at length the voluminous evidence in the record. Suffice it to say that we have reviewed it carefully, and, while it might have been possible to reach a different conclusion, dependent upon the weight to be given to the testimony of witnesses and circumstances of the respective sides, yet, it is so evenly balanced that we do not feel, viewing the cold record, that we would be any surer of doing justice between the parties, if we solved it differently, than we are that the lower court’s views are correct. We shall therefore not disturb its finding. Defendant says that, although it was agreed that he should cut the whole tract at $10 per thousand, there was no fixed time within which this was to be done; nor any definite quantity to be delivered at any particular time; that the timber was located in a low, swampy territory, and, if the weather continued bad over a great period of time, he still had the right to go ahead at the same price, even though it required a number of years or an indefinite time to complete the job. On the other hand, he admits that-plaintiff first exacted a bond to insure the prompt and efficient cutting of the timber, but that he refused to give it, because of the conditions just mentioned; that is, because of the swampy nature of the locality in which the timber was situated. He also admits and it is conclusively shown that he wanted $1 per thousand more for cutting a tract of 160 acres that was more remotely situated than the rest. At the same time, he contends that he would not have gone to the great expense of moving his camp, teams, etc., upon the ground, if he was to be in the position that plaintiff could dispense with his services at any time; and this, of course sounds plausible. It whs also shown by one or more witnesses that plaintiff was heard to say that defendant had the right to cut the whole tract; but this is not altogether inconsistent with the idea that plaintiff might still have the option of discontinuing if his interest required. He could easily have intended to permit defendant to cut all the timber, if conditions made it attractive. But the crucial point is as to whether plaintiff bound himself unconditionally as defendant contends. Our view is that the record does not sustain that conclusion with the degree of certainty which the law requires, especially since the lower judge, who saw, heard, and perhaps knew the parties, has found to the contrary.
 

 The evidence is not as clear as it might he upon the point as to how much timber defendant cut and delivered after August 14,. 1920 (it appearing, to be conceded, that none had been paid for after that, date); but we think plaintiff has practically conceded in his testimony that about 131,000. so remained unpaid for; he having said there were about 870,000 feet, and that he had paid for only 739,000. Hence we think defendant should recover in reconvention for this difference.
 

 For the reasons assigned, the judgment appealed from is amended by decreeing that defendant recover of plaintiff in reconvention the sum of $1,310 as the balance due on timber cut and delivered; his lien and privilege thereon are recognized and the provisional seizure to this extent is maintained, plaintiff to pay costs of this appeal, and those of the lower court to be paid by defendant.